By the Court.—Freedman, J.
The appeals before us present precisely the same questions that were determined by this court in Chase v. Vanderbilt (37 N. Y. *10 Superior Ct. R. 334). It was held in that case that the complaint stated no cause of action whatever against the defendants, the parties demurring ; and the ground of that decision was, not that the court did not possess jurisdiction of the subject-matter, or of the questions involved, but that the defendants could do nothing, nor could they be compelled by judicial sentence to do anything, which would give to the plaintiff the dividends he claimed, and that, therefore, the defendants were neither necessary nor proper parties to the suit. Until that decision is reversed by some higher court, it is conclusive upon us upon the questions covered by it.
The appellants insist, however, that the attention of the court was not called to, and the court on that occasion did not consider the fact, that while Vanderbilt and the other directors demurred to the complaint, the corporation, the Lake Shore & Michigan Southern Railway Company, had appeared and answered, and had taken issue upon - the allegations of the complaint. There is nothing in the suggestion. Where there are several defendants, some may answer, while others demur. A demurrer is, in effect, a declaration that the. party demurring will go no further, because the other has shown nothing against him. And a demurrer will be sustained where the cause of action set forth in the complaint fails to show any connection between the facts therein alleged, and the party defendant by whom the demurrer is interposed. But even those who answer, do not thereby waive the objection that the complaint does not state facts sufficient to constitute a cause of action (Code § 148).
It is also insisted that the court overlooked the fact that the defendants demurring were not only directors, but also holders of common stock. This suggestion is equally unavailable. If as directors they could neither do anything, nor be compelled to do anything, which would give to the plaintiffs the dividends, the pay *11 ment of which they claim was assumed by the Lake Shore & Michigan Southern Railway Company, it is difficult to perceive what they can do, or be compelled to do, in their capacity of holders of part of the stock. If the company is liable upon the obligation assumed or incurred by it, as alleged, it must respond in its corporate capacity, and if the defendants, as directors, are neither necessary nor proper parties to the action set out against the corporation, they are still less so as holders of part of the stock.
The order sustaining the demurrer in each of the five above entitled actions should be affirmed, with costs.
Curtis and Speir, JJ., concurred.